KNICKERBOCKER v. HALLA et al.

(Circuit Court of Appeals, Ninth Circuit. May 4, 1908.)

No. 1,478.

MINES AND MINERALS — CLAIMS — FORFEITURE—ASSESSMENT WORK—PERFORMANCE—QUESTION FOR JURY.

Evidence as to the performance of assessment work on a mining claim for the interest of a co-owner, sufficient to prevent a forfeiture of his interest, as authorized by Rev. St. § 2324 (U. S. Comp. St. 1901, p. 1426), in case of a co-owner's failure or refusal after notice to perform his part of the necessary assessment work, *held* for the jury.

In Error to the District Court of the United States for the Second Division of the District of Alaska.

J. Allison Bruner, Elwood Bruner, and A. J. Bruner, for plaintiff in error.

J. C. Campbell, W. H. Metson, F. C. Drew, C. H. Oatman, and J. A. MacKenzie, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This was an action in ejectment, tried by the court below with a jury; the plaintiff, who is the plaintiff in error here, suing to recover an undivided one-fourth interest in a certain mining claim, situate in the Fairbanks mining district of Alaska, containing about 160 acres, which was located by an association of eight persons, of whom the plaintiff in error was one, one S. Lapiana another, and the defendants to the action, and parties to whose interest they have succeeded, were the others. The validity of the location is not in question; both sides to the controversy claiming thereunder. In addition to his undivided one-eighth interest, claimed as one of the original locators, the plaintiff claimed the undivided interest of Lapiana, from whom he received a deed purporting to convey that interest shortly before instituting the action. Of the defendants, Halla claimed six-sixteenths, Sedlacek one-sixteenth, and the Solomon Mining & Trading Company nine-sixteenths, alleged in the answer to have been acquired by that company by deed from John A. Webb; one-sixteenth of which being conveyed to Webb by Halla, and eight-sixteenths being acquired by Webb through the doing by him of the annual assessment work upon the claim for the year 1902, and the alleged failure of Knickerbocker, Lapiana, and two of the other original locators to do any of that assessment work, or to contribute their proportion of the expense of the annual labor so alleged to have been done by Webb, and the consequent forfeiture of such interests to Webb. The defendant Sampson was a lessee of the other defendants. In his reply the plaintiff in the action put in issue the alleged forfeiture and set up the performance by him of his proportion of the annual labor upon the claim required for the year 1902.

Section 2324 of the Revised Statutes (U. S. Comp. St. 1901, p. 1426) provides, among other things, for the doing of a certain amount of work or the making of a certain amount of improvements upon mining claims, and that:

"Upon the failure of any one of several co-owners to contribute his proportion of the expenditures required hereby, the co-owners who have performed the labor or made the improvements may, at the expiration of the year, give such delinquent co-owner personal notice in writing or notice by publication in the newspaper published nearest the claim, for at least once a week for ninety days, and if, at the expiration of ninety days after such notice in writing or by publication, such delinquent shall fail or refuse to contribute his proportion of the expenditure required by this section, his interest in the claim shall become the property of his co-owners who have made the required expenditures."

Webb testified that he and others interested with him performed labor upon the claim in the year 1902, of the value of $100, and that he thereafter demanded of the plaintiff, Knickerbocker, the payment of his proportion of that expenditure, which Knickerbocker refused to make, and that he subsequently published in a certain named newspaper, published nearest the claim, for the statutory period, a notice to the effect that he had performed such labor, and requiring of the plaintiff the payment of his proportion thereof, which payment the plaintiff refused, and ever since has refused, to make, by reason of which claimed failure and refusal it is contended the plaintiff forfeited his interest in the ground; and the court below took that view of the matter, and, upon the conclusion of all of the evidence, instructed the jury to render a verdict for the defendants, which was accordingly done.

The difficulty is that Knickerbocker testified that in the fall of 1902 Webb came to him in regard to the doing of the work upon the claim, and that he (Knickerbocker) agreed with Webb that he would send a man to do his proportion of the work, and that accordingly he did send a man named Stephen Jasper, who was indebted to him (Knickerbocker) in more than the sum of $25 for dental work, and that Jasper did, in the month of November of the year 1902, that amount of labor upon the claim for Knickerbocker. The affidavit of Jasper was introduced in evidence under a stipulation of counsel to the effect that it should be considered as his testimony, in which Jasper swore:

"That in the month of November, 1902, he did $25 worth of labor upon said Halla Tract claim at the instance of L. C. Knickerbocker, one of the owners thereof; that he was paid therefor by said Knickerbocker the sum of $25; that said labor so performed consisted in sinking a hole and running a cut in the southern portion of said Halla Tract; that said labor and improvements were made at the request of L. C. Knickerbocker, one of the owners of said Halla Tract, for the purpose of performing the anual labor upon said mining claim required by the law of the United States."

If that testimony was true, which was for the consideration and determination of the jury, then clearly Knickerbocker paid more than his proportion of the $100 which the defendants contend was the value of the labor necessary to be performed upon the claim during the year 1902, the necessary result of which would be that the forfeiture of the plaintiff's interest alleged and contended for did not occur.

The judgment is reversed, and the cause remanded to the court below for a new trial.